IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT ALABAMA

IN THE MATTER OF:

NANCY WATSON

_____

**Plaintiff.**

Versus                                                            CV_____

JNR ADJUSTMENT COMPANY INC.

**Defendant.**

_____

**COMPLAINT SEEKING DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

**Jurisdiction**

1. This Court has Jurisdiction to hear Fair Debt Collection Practices Act violations pursuant to § 1692 of Title 15 U.S.C. and § 1331 of Title 28 U.S.C.

2. Venue lies in this District pursuant to § 1391(b) (2) of Title 28 U.S.C and 1692 of Title 15 U.S.C.

**Parties**

3. Plaintiff Nancy Watson is a citizen and resident of the city of Mobile, Mobile County, Alabama.

4. The Defendant JNR Adjustment Company Inc. is upon information and belief incorporated under the laws Florida. Defendant is not licensed by the State of Alabama to collect debts.

## Facts

5. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect an alleged and false debt. Plaintiff seeks monetary relief based on the Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq

6. The violations of the FDCPA by Defendant JNR Adjustment Company Inc. center around a letter from the Defendant dated May 23, 2007(attached as exhibit A) wherein thy state :

"Claim Amount: $1688.27
Our Client: Hertz-2PL
"Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume that the debt is valid. <u>If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification.</u> If you request this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor."

7. On June 22, 2007 (attached as exhibit B), Plaintiff sent a letter to Defendant stating the following:

"I completely and wholly dispute the validity of your claim and any claim by Hertz"

"Under the FDCPA I hereby demand the following:"

"Verification of all documents, notations, memorandum, electronic recordings of any type or sort…relating to this claim…"

"copies of all transmittals received from or sent to or from Hertz, Donald Wilber, Esquire, and JNR Adjustment Company Inc., and the Collection Supervisor, as mentioned in your letter dated May 23, 2007."

"The personal identity of the person named as Collection Supervisor in your letter of May 23, 2007,"

"The name of the employee and each person who manages, trains any agent or employees of JNR who had or has any role in supervising , training or managing persons responsible for, handling or otherwise connected in any way to the letter of May 23, 2007. "

8.   The Defendant JNR Adjustment Company Inc. has failed or refused to respond to the Plaintiff's requests for the forgoing information and failed to respond to the request in any way.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

9.   The allegations of paragraphs 1-10 above are realleged and incorporated herein by reference.

10.   The Defendants have violated 15 U.S.C § 1692e (5), § 1692d (2) (5), § 1692g (b), of the Fair Debt Collection Practices Act.

11.   The Defendants violated 15 U.S.C. § 1692g (b) by attempting to collect a debt that was not due and by failing to obtain and furnish verification of the debt after the Plaintiff notified the Defendant of her dispute over the validity of the debt. Defendants failed to verify the debt and send the Plaintiff a copy of all documents verifying the debt. Had the Defendants sought to verify this debt they would have discovered that Plaintiff had never rented a car from Defendant Hertz and had never done business with Hertz in any manner. Further the Defendant failed to reveal the true identity of a Debt Collector, identified only as "Collection Supervisor." The Defendants failed to verify the debt and as a consequence attempted to collect a debt which was not owed or due in violation of 15 U.S.C. § 1692.

12.   These violations of the Fair Debt Collection Act are willful and done with malice in order to intimidate the debtor into doing whatever is necessary to pay the false debt. These Defendants have intentionally violated the forgoing sections of the Fair Debt Collection Practices Act.

13.   The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

**WHEREFORE**, the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

A.   That the Plaintiff recover against the Defendant a sum to be determined by the Court in the form of actual damages for its violations of the Fair Debt Collections Practices Act;

B.   That the Plaintiff recovers a sum from the Defendants in the form of statutory damages for its violation of the Fair Debt Collections Practices Act.

C.  That the Plaintiff recover against the Defendants a sum to be determined by the Court in the form of punitive damages for the willful violations of the FDCPA.

D.  That the Plaintiff recover against the Defendants all reasonable legal fees and expenses incurred by the Plaintiffs attorney.

E.  That the Plaintiff has such other and further relief as the Court may deem just and proper.

Dated this the 21st day of May, 2008.

_____
J. Steve Clem, Esquire ( CLEMJ1183 ) Fed Number
Steve Clem & Associates LLC
312 North Joachim Street
Mobile, Alabama 36603
Alabama State Bar Number (CLE020)

## CERTIFICATE OF SERVICE

I hereby affirm that I have served the forgoing pleading on each Defendant by certified mail as follows:

JNR Adjustment Company Inc.
1373 South Semoram Blvd, Suite 1317
Winter Park, Florida 32792

_____
OF COUNSEL